UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL POLANCO,

Plaintiff,

-against-

CHILD SUPPORT FAMILY COURT,

Defendant.

1:25-CV-10348 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Michael Polanco, who appears *pro se*, bring this action invoking the court's federal-question jurisdiction, asserting that he has been "[p]aying child support for [three] children that were never [his] for 18 years." (ECF 1, at 2.) He names as the sole Defendant "Child Support Family Court," which the Court understands to be a New York Family Court. Plaintiff seeks as relief "18 years of child support [that he] want[s] back." (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 and claims under state law.

By order dated December 18, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A. Claims under 42 U.S.C. § 1983**

Plaintiff's claims under 42 U.S.C. § 1983 against a New York Family Court are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp*, 568 F.3d at 366 (internal quotation marks and citation omitted).

Congress has not abrogated the States' immunity from claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Moreover, a New York Family Court is an arm of the State of New York and enjoys Eleventh Amendment immunity. *See Gollomp*, 568 F.3d at 368 (the New York State court system enjoys Eleventh Amendment immunity); *Murray v. Thompson*, No.

7:17-CV-7004 (VB), 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court enjoys Eleventh Amendment immunity as an arm of the State of New York).

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the Family Court under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief.[1] Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims over which the Court has original subject-matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental

[1] To the extent that Plaintiff asks this Court, under its federal-question jurisdiction, to make a determination as to his child-support obligations, this Court must abstain from doing so pursuant to the domestic-relations abstention doctrine. *See Deem v. DeMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019); *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). Plaintiff may move in the state courts to challenge any determination regarding his child-support obligations.

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject-matter jurisdiction and for seeking monetary relief form a defendant that is immune from such relief. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 14, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.